UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND SMITH, | 1:14-cv-00783-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RELEASE FROM CUSTODY, ACCESS TO THE LAW LIBRARY, AND MEDICAL CARE (Docs. 10, 11.) |
| vs. | |
| UNKNOWN LAW AGENCIES AND EXTENDED BRANCHES, et al., | |
| Defendants. | |

**I.     BACKGROUND**

Cleveland Smith ("Plaintiff") is an inmate at the Fresno County Jail, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On May 22, 2014, Plaintiff filed the Complaint commencing this action. (Doc. 1.)

On June 11, 2014, Plaintiff filed motions for court orders releasing him from custody, allowing him access to the prison law library, and providing him with medical care. (Docs. 10, 11.)

**II.    PRELIMINARY INJUNCTIVE RELIEF**

The court lacks jurisdiction to grant Plaintiff's motions. Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is

1

bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

With respect to Plaintiff's release from custody, such relief is not available in this § 1983 action.  Such relief may only be found through a habeas corpus proceeding.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Therefore, Plaintiff's motion for release from custody must be denied.

With respect to law library access and medical care, the court lacks jurisdiction to issue the orders sought by Plaintiff because such controversies are not before the court in this case. As discussed above, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471.  Here, Plaintiff's Complaint concerns claims for unlawful detention, denial of rights to counsel, adverse conditions of confinement, due process violations, discrimination, housing in administrative segregation, theft of personal property, invasion of privacy, and  denial of access to the courts.  Orders granting Plaintiff access to the law library or medical care would not remedy any of the claims upon which this action proceeds.  Moreover, the court lacks jurisdiction over the defendants to this action because none of them have appeared in this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Therefore, Plaintiff's motions for access to the law library and medical care must be denied.

### III.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for court orders releasing him from custody, allowing him access to the law library, and providing him with medical care, filed on June 11, 2014, are DENIED.

IT IS SO ORDERED.

Dated:   **June 17, 2014**                         **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE